# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| C.H., parent of I.H., a minor, * | |
| * | No. 18-1920V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: December 5, 2022 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Ronalda E. Kosh, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner C.H.'s motion for final attorneys' fees and costs. She is awarded **$45,477.75**.

\*   \*   \*

On December 14, 2018, petitioner, on behalf of her minor child I.H., filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the hepatitis B and inactivated

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

polio vaccines I.H. received on March 6, 2017, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused I.H. to suffer idiopathic thrombocytopenic purpura. The parties filed expert reports, with petitioner retaining Dr. Edwin Forman and respondent retaining Dr. Donald Woytowitz. Thereafter, the parties agreed to start settlement discussions and on November 3, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 5827532 (Fed. Cl. Spec. Mstr. Nov. 3, 2021).

On March 15, 2022, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests a total amount of $45,985.95 comprised as follows: $36,183.40 in attorneys' fees, $9,797.63 in attorneys' costs, and $4.92 in costs personally incurred by petitioner. Fees App. at 2. On March 29, 2022, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 The undersigned has reviewed the hourly rates requested for the work of her counsel at Conway, Homer, PC (the billing records indicate that the majority of attorney work was performed by Ms. Christina Ciampolillo, with supporting work performed by Ms. Meredith Daniels, Mr. Joseph Pepper, Mr. Patrick Kelly, Ms. Lauren Faga, and Mr. Ronald Homer) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work. See, e.g., Skiles v. Sec'y of Health & Human Servs., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); Heddens v. Sec'y of Health & Human Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019). Accordingly, the requested hourly rates for Conway, Homer, P.C. attorneys are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Concerning the time billed by Conway, Homer, P.C., a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that

3

document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. See, e.g., Manetta v. Sec'y of Health & Human Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); Lyons v. Sec'y of Health & Human Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020).

To offset these issues, the undersigned finds a reduction of $508.20 to be appropriate in this case. However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues.[2] Petitioner is therefore awarded final attorneys' fees of $35,675.20.

C. <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $9,797.63 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, travel costs to meet with petitioner, work performed by petitioner's medical expert, Dr. Edwin Forman. Dr. Forman is board-certified in pediatrics and pediatric hermatology/oncology and is currently a professor of pediatrics, division of pediatric hermatology/oncology at the School of Medicine at Mount Sinai and an attending physician at Mount Sinai Hospital in New York, New York. Petitioner requests compensation for Dr. Forman at $500.00 per hour. The undersigned finds this rate to be reasonable based upon Dr. Forman's credentials and what he has previously been awarded for his Vaccine Program work. See, e.g., Ferguson v. Sec'y of Health & Human Servs., No. 17-1737V, 2022 WL 1467655, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2022); Guido v. Sec'y of Health & Human Servs., No. 16-435V, 2021 WL 1972268, at *2 (Fed. Cl. Spec. Mstr.

---

[2] Attorneys at Conway, Homer have been previously warned that including duplicate work of other attorneys may result in an increased deduction. See, e.g., Burgos v. Sec'y of Health & Human Servs., No. 16-903V, 2022 WL 1055355 (Fed. Cl. Spec. Mstr. Mar. 15, 2022). However, that warning was given after the fee application was submitted in this case.

Apr. 23, 2021). The hours billed by Dr. Forman (17.0) for his work on this case are also reasonable.

The remainder of the costs are also reasonable and have been supported by the necessary documentation. Accordingly, petitioner is awarded final attorneys' costs of $9,797.63.

Finally, pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $4.92 for postage. These costs are also reasonable and shall be fully reimbursed.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1) a total of **$45,472.83** (representing $35,675.20 in attorneys' fees and $9,797.63 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and her attorney, Mr. Ronald Homer; and

2) a total of **$4.92** as a lump sum in the form of a check payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.